UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PURTUE,<br><br>    Plaintiff,<br><br>    v.<br><br>B. KEARNES, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00551-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS J. CHAVEZ, MEYERS, AND S. RIZER SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>[ECF No. 12] |

Plaintiff Michael Purtue is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's second amended complaint against Defendants Rizer, Eberle, Meyers, J. Emerson, R. Sanchez, J. Chavez, B. Mello, L. Lundy, and D. Magallance on Plaintiff's Eighth Amendment medical care claim. The Marshal was not able to locate Defendants J. Chavez, Meyers, and S. Rizer and service was returned un-executed on September 22, 2016.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendants J. Chavez, Meyers, and S. Rizer. Walker, 14 F.3d at 1421-22. With regard to Defendants J. Chavez and S. Rizer, the Marshal was informed that these Defendants do not work at Pelican Bay State Prison. (ECF No. 12.) With regard to Defendant Meyer, it was noted that Pelican Bay State Prison has three Meyers employed with the facility and further clarification is needed to determine who the proper identity of Defendant Meyer. (Id.) Plaintiff shall be provided with an opportunity to show cause why Defendants J. Chavez, Meyers, and S. Rizer should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendants J. Chavez, Meyers, and S. Rizer shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Hayes should not be dismissed from this action; and

///
///
///
///

2

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants J. Chavez, Meyers, and S. Rizer from this action.

IT IS SO ORDERED.

Dated: **September 26, 2016**

UNITED STATES MAGISTRATE JUDGE