UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PURTUE,<br><br>             Plaintiff,<br><br>      v.<br><br>B. KEARNES, et al.,<br><br>             Defendants. | Case No.: 1:15-cv-00551-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>[ECF No. 30] |

Plaintiff Michael Purtue is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to show cause why a preliminary injunction should not be granted, filed December 7, 2016.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (emphasis added).

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); accord Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

In the instant motion, Plaintiff contends that Warden K. Holland and Captains M. Bryant and B. Sanders "followed Plaintiff from prison to prison on a camera device and K. Holland used a brain device that's on my thoughts [sic] that tell you everything you did in your life." (Mot. at 2.) This action is proceeding on Plaintiff's allegations that due to a racial conflict between Plaintiff and Mexican inmates, officers gave inmates Plaintiff's property and exposed his transcripts over the tier to appease the Mexican inmates to resolve the conflict. Plaintiff contends Defendants Rizer, Eberle, Meyers, Emerson, Sanchez, Chavez, Mello, Lundy, and Magallance deliberately took his trial transcripts and circulated them to inmates in order to spread the rumor that Plaintiff was a "snitch" and a "rat."

The pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. Summers, 555 U.S. at 493 (citation omitted); Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969. The Court does not have jurisdiction over prison officials at Pelican Bay State Prison who are not defendants in this action and it cannot issue the order Plaintiff seeks. Summers, 555 U.S. 488, 493 (2009); Mayfield, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion. Steel Co., 523 U.S. at 103-04 (quoting Lujan, 504 U.S. at 560-61).

///

## II.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction, filed December 7, 2016, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 16, 2016**

UNITED STATES MAGISTRATE JUDGE