UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PURTUE,<br><br>                Plaintiff,<br><br>        v.<br><br>B. KEARNES, et al.,<br><br>                Defendants. | Case No.: 1:15-cv-00551-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S THIRD REQUEST FOR INJUNCTIVE RELIEF BE DENIED<br><br>[ECF No. 37] |

Plaintiff Michael Purtue is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third request for issuance of a preliminary injunction, filed December 22, 2016.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (emphasis added).

In the instant motion, Plaintiff requests "that this court cease the violation of plaintiff constitutional rights by Warden K. Holland and her Captains M. Bryant and B. Sanders because they has [sic] been out to get the plaintiff since 2010 when the plaintiff filed his first administrative appeal." (Mot. at 1; ECF No. 37.) This action is proceeding on Plaintiff's allegations that due to a racial conflict between Plaintiff and Mexican inmates, officers gave inmates Plaintiff's property and exposed his transcripts over the tier to appease the Mexican inmates to resolve the conflict. Plaintiff contends Defendants Rizer, Eberle, Meyers, Emerson, Sanchez, Chavez, Mello, Lundy, and Magallance deliberately took his trial transcripts and circulated them to inmates in order to spread the rumor that Plaintiff was a "snitch" and a "rat."

The Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for which this action is proceeding. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). The Court does not have jurisdiction over individuals who are not parties to this suit, and the Court cannot issue the order Plaintiff seeks. Summers, 555 U.S. 488, 493 (2009); Mayfield, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion. Steel Co., 523 U.S. at 103-04 (quoting Lujan, 504 U.S. at 560-61).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's third motion for injunctive relief, filed on December 22, 2016, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the

Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2017**

UNITED STATES MAGISTRATE JUDGE