UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PURTUE,<br><br>         Plaintiff,<br><br>    v.<br><br>B. KEARNES, et al.,<br><br>         Defendants. | Case No.: 1:15-cv-00551-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 35] |

Plaintiff Michael Purtue is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint, filed December 21, 2016.

**I.**

**RELEVANT HISTORY**

On April 29, 2016, the Court screened Plaintiff's complaint and directed Plaintiff to file a first amended complaint or notify the Court of intent to proceed on claim found to be cognizable. (ECF No. 7.)

Plaintiff filed a first amended complaint on May 18, 2016. On July 11, 2016, the Court found that Plaintiff's first amended complaint stated a cognizable failure to protect claim against Defendants

J. Chavez, G. Eberle, J. Emerson, L. Lundy, D. Magallance, B. Mello, Meyers, S. Rizer and R. Sanchez.[1]

On December 21, 2016, Plaintiff filed a motion for leave to file an amended complaint, along with a proposed second amended complaint which was lodged by the Court. (ECF Nos. 35, 36.)

On December 27, 2016, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on February 17, 2017.

On February 21, 2017, Defendants filed an opposition to Plaintiff's motion to amend the complaint.

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In this instance, Plaintiff seeks leave to amend because "[s]ince the filing of the Complaint new parties have been added."

---

[1] Defendant S. Rizer has not yet been served or made an appearance in this action.

Defendants argue that (1) Plaintiff's claim regarding the installation of a camera device that controls his brain and bodily functions is implausible; (2) Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8; (3) Plaintiff has failed to exhaust the administrative remedies for his proposed amendments; and (4) allowing Plaintiff to amend his complaint would delay the resolution of this matter and prejudice Defendants. For the reasons explained below, Plaintiff's motion for leave to amend must be denied.

### A.     Claims in Original and First Amended Complaint

In his original complaint filed on April 10, 2015, Plaintiff named eighteen prison officials as Defendants at California Correctional Institution (CCI), and alleged that from February 1, 2010 to December 13, 2010, Defendants violated the Eighth Amendment by informing and/or implying to other inmates that Plaintiff was a "snitch" and/or "rat," by circulating Plaintiff's transcripts to appease the Mexican inmates and resolve a racial conflict.

As previously stated, the Court screened the complaint and Plaintiff was ordered to either file an amended complaint or notify the Court of intent to proceed on failure to protect claim only.

On May 18, 2016, Plaintiff filed a first amended complaint against Defendants Lundy, Mello, Magallanes, Eberle, Meyers, Emerson, Sanchez, Chavez and Rizer, and the Court found that Plaintiff stated a cognizable failure to protect claim against these Defendants.

### B.     Proposed Second Amended Complaint

In the proposed second amended complaint, Plaintiff seeks to add nineteen additional Defendants to this action, including three defendants previously dismissed on screening, ten defendants employed at CCI, and six Defendants employed at California State Prison-Lancaster (LAC) contending that the officials monitored and controlled him using a camera device installed on his body in October 2011, that followed Plaintiff from prison to prison in order to spread the rumor that he is a snitch. Plaintiff also seeks to present actions that took place after he filed this action in July and November 2016, while he was housed at Pelican Bay State Prison.

///
///
///

3

More specifically, Plaintiff seeks to add the following:

(1) Claims against six prison officials at LAC for incidents occurring between January 2012 and August 2016, yet Plaintiff contends he was incarcerated at LAC between January 18, 2012 and May 9, 2012;

(2) Claims against three prison officials who were initially dismissed after screening the original complaint and not found cognizable in the first amended complaint;

(3) Claims against ten additional prison officials at CCI for claims occurring after the filing of the operative pleading.

In the prior two complaints, Plaintiff did not present any claim relating to a camera device being implanted on him or that prison officials referred to him as a "rat" while housed at other institutions. Rather, Plaintiff alleged that his trial transcripts were circulated to inmates at CCI in 2010 to spread the rumor that Plaintiff was a snitch. Plaintiff also alleged that he was transferred between institutions, placed in an Enhanced Outpatient Program (EOP), and forced to take medication for his condition. (See ECF No. 1.)

In the proposed second amended complaint, Plaintiff alleges that on October 18, 2011, while housed at CCI, Warden Holland implanted "some kind of camera device," on Plaintiff, which allows prison officials and inmates to monitor him. (SAC at 5, ¶ 2.) Plaintiff further contends that, on this same date, he was transferred to LAC, for one month, returned to CCI for approximately one month, and then transferred back to LAC, where he was housed until May 9, 2012. (SAC at 5, ¶ 4.)

Plaintiff contends between July 6, 2016, and November 28, 2016, while he was housed at Pelican Bay State Prison, prison officials at CCI were monitoring him on the camera device, and called him a "rat," which threatened his life. (SAC at 5-8, ¶¶ 6-30.) Plaintiff also contends that officials at LAC, where he was previously housed, also monitored him while he was housed at Pelican Bay State Prison. (SAC at 8-10, ¶¶ 31-44.)

As to prison officials at CCI, Plaintiff contends that between July 6, 2016 and August 4, 2016, Defendants Walmart, Warden Holland, Captain Bryant, Officer Mark #1, Sergeant Hobmeire, Sergeant Argentine, Officer Adams, Officer Mark #2, and Officer Sanchez, referred to Plaintiff as a "rat," and threatened his safety, in response to his filing of the instant lawsuit. (SAC at 5-6, ¶¶ 6-15.)

1     On August 10, 2016, Sanders and Holland spoke about a "hit" on Plaintiff.  (SAC at 7, ¶ 22.)
2  Holland made three tape recordings of inmates on the camera device, threatening Plaintiff saying "we
3  gonna kill you [] rat," and the recorded statements were played on the device.  (SAC at 7, ¶ 23.)
4  Holland also flashed Plaintiff's mother's home and address on the device for other inmates to see, and
5  stated "I don't care what happens to your family.  (SAC at 7, ¶ 24.)  Holland then stated to Sanchez
6  "we lucky that they don't fire people for stuff like this or none of us would be doing this."  (SAC at 7,
7  ¶ 25.)

8     Holland, Bryant, and Sanders, along with other prison officials, followed Plaintiff from prison
9  to prison on a camera device, and Holland used a brain device that's "on my thoughts that tell you
10 everything you did in your life."  (SAC at 8, ¶ 26.)  On November 28, 2016, Bryant told Plaintiff
11 "ain't doing nothing but playing your thoughts on this device at every prison I can find so everyone
12 can hear it."  (SAC at 8, ¶ 27.)  Bryant stated, "I'm playing your thoughts on this device" at other
13 prisons before you get there and there "ain't nothing you can do to stop me."  (SAC at 8, ¶ 29.)
14 Holland then told Bryant "keep playing those thoughts I got to see if this inmate can't be taken down."
15 (SAC at 8, ¶ 30.)

16    Plaintiff then sets forth allegations that took place at LAC, where he was previously housed.
17 (SAC at 8, ¶ 31.)  On January 18, 2012, during the transportation to LAC, prison officials and inmates
18 were able to see him on the camera device and Plaintiff heard them call him a "rat."  (SAC at 9, ¶ 32.)
19 Once Plaintiff was housed at LAC, Holland put Crumbler, Henry, Washington, King, Ms. Stubb and
20 Williams on the camera device.  (SAC at 9, ¶ 33.)  Crumbler then stated, "This is what happens when
21 you file a lawsuit against the warden rats can't walk the yard at this prison."  (SAC at 9, ¶ 34.)
22 Williams, the psyche tech, stated "we making you a rat everywhere you go."  (SAC at 9, ¶ 35.)
23 Warden Holland used another device in which Williams operated that made Plaintiff urinate and
24 defecate and eventually stopped him from urinating and defecating on his own.  (SAC at 9, ¶ 36.)
25 Holland further ordered Williams to "get on his heart" with the device and shortly thereafter the area
26 around his heart was constantly painful.  (SAC at 9, ¶ 37.)

27    On June 6, 2016, officer Henry at LAC was talking to the inmates on the device, and stated,
28 "he's a snitch."  (SAC at 9, ¶ 38.)  Washington then stated "you know what they do to rats you gonna

5

get hit." (SAC at 10, ¶ 39.) On August 1, 2016, officer King stated "the warden is not playing she making you a rat." (SAC at 10, ¶ 40.) Stubbs stated "you should have dropped the lawsuit not you can't do nothing about us making you a rat." (SAC at 10, ¶ 41.) Holland knew Plaintiff was taking medication for constipation, and ordered psych tech Williams to "make [Plaintiff] shit." (SAC at 10, ¶ 42.) The medical treatment by psych tech Williams eventually prevented Plaintiff from defecating on his own. (SAC at 10, ¶ 43.) Plaintiff's front tooth turned dark when officer Williams damaged the nerve on Plaintiff's tooth using the device. (SAC at 10, ¶ 44.)

### C. Amendment is Futile Because Allegations are Implausible

The gravamen of Plaintiff's additional claims is that a camera device has been implanted in his body and is used to monitor him between prison facilities.

Judges have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" and are not bound to accept without question the truth of the plaintiff's allegations. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Claims that are fantastical or present delusional scenarios are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A finding of factual frivolousness is appropriate when the facts alleged are irrational or wholly incredible. Id. at 33.

Plaintiff's claims that a camera device is monitoring him between prisons, is causing him to experience chest pains, controls whether he urinates or defecates, and turned his toot gray, are factually and legally implausible. See, e.g., Lombardo v. Alhambra Police Dep't, No. CV 15-6262-JLS (AFM), 2015 WL 9906167, at *4 (C.D. Cal. Dec. 15, 2015) (finding plaintiff's claim that police department allowed wiring to be installed which allowed officers to see or listen to him using high powered technology were irrational or wholly incredible, citing Denton v. Hernandez, 504 U.S. at 33), report and recommendation adopted, No. CV1506262JLSAFM, 2016 WL 286986 (C.D. Cal. Jan. 22, 2016). Thus, in exercising its discretion and applying common sense, Plaintiff's additional claims are factually frivolous and implausible, and leave to amend would be futile and must be denied. See Zadrozny v. Bank of N.Y. Mellon, 720 F.3d 1163, 1173 (9th Cir. 2013) (citing Mirmehdi v. United States, 689 F.3d 975, 985 (9th Cir. 2012); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (deciding whether a pleading states a plausible claim for relief is a "context-specific task that requires

the reviewing court to draw on its judicial experience and common sense."). This is particularly so given that Plaintiff had a prior opportunity to amend his complaint, and failed to include the current allegations until the third version of his pleading. Zadrozny, 720 F.3d at 1173 (citing Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("This district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citation and alteration omitted); see also Lopez v. Smith, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) ("When a case is classified as frivolous or malicious, there is by definition, no merit to the underlying action and so no reason to grant leave to amend.").[2]

### D. Exhaustion of Administrative Remedies

Furthermore, it is clear from the face of the second amended complaint that Plaintiff failed to exhaust the available administrative remedies with respect to the additional claims.

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

---

[2] Furthermore, any claims against prison officials at LAC must be raised in the United States District Court for the Central District of California. 28 U.S.C. § 1391(b).

7

nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

With regard to the additional claims, in July 2016, Plaintiff submitted his inmate appeal while housed at Pelican Bay State Prison, challenging the conditions of confinement claims relating to implanting a camera device on his body and retaliation by prison officials. (SAC at 28-29 (602 appeal).) Plaintiff also attaches a copy of an appeal submitted in August 2016 claiming an "ongoing violation," but he had not been housed at Lancaster or Tehachapi since 2012. (SAC at 5, ¶ 4; SAC at 21 (602 appeal).) Because Plaintiff was not housed at CCI or LAC since 2012, his inmate grievance was cancelled as untimely as it exceeded the time limits for filing an appeal. (SAC at 19-20.) Plaintiff argued that his administrative appeal was improperly cancelled as untimely, and because Plaintiff appealed the cancellation decision, he contends the administrative remedies have been exhausted. Plaintiff's argument is without merit. Plaintiff's failure to exhaust his grievances cannot be excused on the ground that the grievance was improperly cancelled. Cal. Code Regs., tit. 15, §§ 3084.8, 3084.6(c)(4). Accordingly, Plaintiff's failure to exhaust the additional claims is plain from the face of the complaint and renders the claims subject to dismissal.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint is denied.

IT IS SO ORDERED.

Dated:   **March 10, 2017**

UNITED STATES MAGISTRATE JUDGE